# EPSTEIN SACKS PLLC
## ATTORNEYS AT LAW
### 100 LAFAYETTE STREET - SUITE 502
### NEW YORK, N.Y. 10013
### (212) 684-1230
### Fax (212) 571-5507

**BENNETT M. EPSTEIN: (917) 653-7116**
**SARAH M. SACKS: (917) 566-6196**

March 3, 2025

Hon. Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**Filed on ECF**

<u>United States v. Emmanuel Torres</u><br>24 Cr. 474 (CM)

Dear Judge McMahon:

  We represent Emmanual Torres pursuant to the Criminal Justice Act. He is scheduled to be sentenced by the Court this Wednesday March 5, 2025. We submit this letter to briefly respond to certain points in the Government's sentencing submission and to provide the Court with a performance review that Emmanuel received from his manager at work after the date of our original filing. We submit that the review, which happens to be outstanding, is further evidence of his true character.

  In its submission, the Government seems to suggest that because two other flight attendant defendants were sentenced to three months imprisonment for similar conduct that this would be the only just sentence in this case. However, in doing so, the Government ignores the ways in which Emmanuel's circumstances are different than those two defendants. Importantly, unlike in those cases, Emmanuel was brought into this conduct by one of those defendants—his boyfriend at the time, who was abusive to him, and it was because of the abusive dynamic of that relationship that Emmanuel felt pressure to prove himself by engaging in this conduct. Emmanuel was also involved for a shorter period of time and made fewer trips than those defendants, seemingly transporting less money. And, although Emmanuel had reason to know that the money was the result of illegal activity, he was never told directly that the proceeds here were the result of drug activity (let alone fentanyl as the Government now states). Moreover, unlike the two defendants who were sentenced to jail time, Emmanuel is gainfully employed. As a testament to the kind of

1

person he is, after being fired from his work as a flight attendant because of this case, he immediately sought other employment and has been working continuously. As the attached performance review shows, Emmanuel has gone above and beyond to be an exceptional and dependable employee and has the potential to be promoted this year. Sending him to jail for any period of time would cause him to lose this job and make it exceedingly difficult for him to find similar employment once released.

Moreover, despite what the Government says, Judge Buchwald's decision to sentence a third similarly situated co-defendant to time served with one year of post release supervision did not rest entirely on the fact that she was a mother with a young child. A review of the sentencing minutes from *United States v. Sarah Valerio Pujols*, 24 Cr. 442 (NRB) (attached to our original submission as an exhibit) shows that Judge Buchwald came to that sentence because she believed that the defendant was unlikely to recidivate, and because she expressly found that an incarceratory sentence was not needed to have a general deterrent effect for other flight attendants. We respectfully submit that the same is true with respect to Emmanuel—he is a zero-point offender who, but for this conduct, has lived a law-abiding life. Moreover, sending him to jail for any amount of time would be extra punishing because of his identity as a gay man and, as his personal history shows, is vulnerable to being abused and taken advantage of. We respectfully submit that the sentence we recommend of time served with a period of post release supervision, in conjunction with his having been fired from his job as a flight attendant, been shamed in front of his family and community, required to comply with the forfeiture mandate and having a felony on his record for the rest of his life, is just punishment. To the extent the Court believes that there needs to be additional punishment, there are conditions that can be set during a period of supervised release (such as intermittent home detention and community service, among other things) that could serve the purposes of sentencing while allowing Emmanuel to continue to work and be there for his father, who like Emmanuel, has suffered with the loss of both Emmanuel's sister and mother (his wife), and upon whom relies for help and support.

Respectfully submitted,

*Sarah M. Sacks*